**In the Matter of William MAIDMAN, Debtor.**

**Bankruptcy No. 75–1249–BK–CF–B.**

United States Bankruptcy Court, S. D. Florida.

Nov. 21, 1979.

A. M. Schwitalla, Coral Gables, Fla., for Flushing Natl. Bank.

Houston, Faircloth, Cooper, Easthope & Kelley, Fort Lauderdale, Fla., Richard H. Maidman, New York City, for debtor.

Louis Phillips, Miami, Fla., trustee.

## ORDER ON MOTION TO COMPEL DISCOVERY

THOMAS C. BRITTON, Bankruptcy Judge.

This case is before me on a creditor's motion to compel discovery. (C.P. No. 266) The motion seeks a reasonable attorney's fee and costs on account of this witness' failure to answer questions at an oral deposition taken on October 19, 1979. B.R. 914 and 737 incorporate by reference the provisions of Rule 37, F.R.Civ.P.

A primary asset of the bankrupt in this case is the stock of a corporation, Fashionwear. Although the bankrupt owned all of the stock of this corporation, was an officer and director of the corporation and was the chief executive of the corporation, he professed ignorance of all matters pertaining to the affairs of this wholly owned business. He deferred to his son to whom he had entrusted these matters. His son, Richard, is an attorney admitted to practice in New York and Florida, but who does not maintain any office or practice in Florida. The corporation is involved as a debtor-in-possession under Chapter XI of the Act in a New York proceeding. The son voluntarily consented to make himself available for examination under B.R. 205. Before that examination began, the bankrupt's attorney and Richard began to protest the scope of the examination and during the examination, the witness repeatedly refused to answer questions which clearly fall within the purview of proper examination under B.R. 205:

> "The examination under subdivisions (a) and (b) of this rule may relate only to the acts, conduct, or property of the bankrupt, or to any matter which may affect the administration of the bankrupt's estate, or to his right to discharge."

The inquiry as to Richard's role in the administration of his father's affairs both before and after the filing of both the New York and the Florida bankruptcies relates to matters which affect the administration of the estate in view of the bankrupt's testimony that he had entrusted the management of these assets to his son and the

son's agreement to furnish the information required of his father.

I would indulge the assumption that the witness' lack of cooperation was the result of ignorance rather than a willful intent to impede and obstruct the examination but for two circumstances. This young attorney's conduct in the proceedings before me which led to his agreement to testify and the fact that he is an attorney convinced me that the creditor's motion is appropriate in this instance and that the creditor should not bear the expense occasioned by the witness' refusal to answer.

Accordingly, the witness Richard Maidman is ordered to pay to the creditor, Flushing National Bank, the sum of $250 as attorney's fee together with the actual charge made by the court reporter for attendance and transcription of the examination of October 19, 1979.

The witness, Richard Maidman, is ordered to make himself available for reexamination under oath and to produce such documents as are properly noticed to be produced at a time and place to be stipulated between counsel but not to be later than November 30, 1979. If counsel cannot agree on a time and place for this examination, counsel will be heard upon this point on *November 26, 1979 at 9:30 A.M. in Courtroom No. I, 808 Ainsley Building, 14 N.E. 1st Avenue, Miami, Florida.*